# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | | |
|---|---|---|
| ANTHONY AMEY, | ) | |
| | ) | Case Nos. 1:17-cr-104; 1:20-cv-184 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION

Before the Court are Petitioner Anthony Amey's motions to set aside, vacate, or correct his sentence filed pursuant to 28 U.S.C. § 2255. (Docs. 34, 36 in Case No. 1:17-cr- 104; Doc. 1 in Case No. 1:20-cv-184.) For the following reasons, the Court will **DENY** Petitioner's motions.

## I. BACKGROUND

On July 25, 2017, a grand jury returned a one-count indictment charging Petitioner with possession of heroin with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). (Doc. 1 in Case No. 1:17-cv-104.) On December 5, 2017, Petitioner entered into a plea agreement with the Government pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. (Doc. 14 in Case No. 1:17-cv-104.) As part of the agreement, Petitioner and the Government agreed that a sentence of 132 months' incarceration followed by a three-year term of supervised release was an appropriate disposition of his case. (*Id*. at 3.) The plea agreement further provides that Petitioner "knowingly and voluntarily waives the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack [his] conviction(s) and/or resulting sentence," but also states that "the parties agree that [Petitioner] retains the right to

raise, by way of collateral review under § 2255, claims of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant by the time of the entry of judgment." (*Id.* at 5.)

On April 9, 2018, after accepting the parties' plea agreement, United States District Court Judge Harry S. Mattice, Jr. conducted Petitioner's sentencing hearing. Petitioner's presentence report classified him as a career offender pursuant to § 4B1.1 of the United States Sentencing Guidelines based on prior Tennessee state-court convictions for arson and attempted aggravated assault. (Doc. 25, at 5 in Case No. 1:17-cr-104.) Based on his career-offender classification, Judge Mattice calculated Petitioner's advisory guidelines range as 151 to 188 months' imprisonment. (*See* Doc. 28 in Case No. 1:17-cr-104). Consistent with the terms of Petitioner's plea agreement, Judge Mattice sentenced Petitioner to 132 months' imprisonment and three years of supervised release. (Doc. 27 in Case No. 1:17-cv-104.) Petitioner did not appeal his conviction or sentence, but, in his § 2255 motion, asserts that he "unequivocally instructed sentencing counsel to file a notice of appeal on April 17, 2018 to challenge whether his Tennessee arson constituted a crime of violence under the U.S. Sentencing Guidelines." (Doc. 1, at 2–3 in Case No. 1:20-cv-184.)

Petitioner filed a § 2255 motion on June 8, 2020 (Doc. 34 in Case No. 1:17-cr-104), and filed an amended § 2255 motion on July 1, 2020 (Doc. 1 in Case No. 1:20-cv-184; Doc. 36 in Case No. 1:17-cr-104).[1] In his motion, Petitioner asserts that he is entitled to relief because: (1) he received ineffective assistance of counsel because his prior arson conviction did not qualify as

---

[1] In another filing mailed on May 8, 2020, Petitioner referenced the Supreme Court's decision in *United States v. Davis*, 139 S.Ct. 2319 (2019), and requested that the Court appoint counsel to determine whether he was properly classified as a career offender. (Doc. 32 in Case No. 1:17-cr-104.)

a crime of violence and his counsel failed to object to his career-offender designation; (2) he is "actually innocent" of his underlying career-offender designation; (3) he received ineffective assistance of counsel when his counsel failed to file a notice of appeal after he instructed him to do so; and (4) his underlying Tennessee arson conviction "was obtained in violation of [his] Sixth and Fourteenth Amendment rights under the United States Constitution" and therefore could not be relied upon to enhance his sentence under the United States Sentencing Guidelines. (Doc. 1, at 5 in Case No. 1:20-cv-184.)  Petitioner's § 2255 motion is now ripe for the Court's review.

## II. STANDARD OF LAW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)).  He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Additionally, in ruling on a motion made pursuant to § 2255, the Court must determine whether an evidentiary hearing is necessary.  "An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)); *see also* 28 U.S.C. § 2255(b).  "The burden for establishing entitlement to an evidentiary hearing is relatively light, and where there is a factual dispute, the *habeas* court must

3

hold an evidentiary hearing to determine the truth of the petitioner's claims." *Martin*, 889 F.3d at 832 (citations and internal quotations omitted). While a petitioner's "mere assertion of innocence" does not entitle him to an evidentiary hearing, the district court cannot forego an evidentiary hearing unless "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id*. When petitioner's factual narrative of the events is not contradicted by the record and not inherently incredible and the government offers nothing more than contrary representations, the petitioner is entitled to an evidentiary hearing. *Id*.

### III. ANALYSIS

#### A. Timeliness of Petition

Title 28, United States Code, Section 2255(f) is a one-year statute of limitations on all petitions for collateral relief under § 2255 running from the latest of: (1) the date when the judgment of conviction becomes final; (2) the date when the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date when the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In this case, Petitioner's motion to vacate, set aside, or correct his sentence is not timely. Petitioner did not appeal his conviction and sentence, so his judgment became final on April 23, 2018. *See* Fed. R. App. P. 4(b)(1)(A) (providing that a defendant's notice of appeal must be filed in the district court within fourteen days of the entry of judgment); *Sanchez-Castellano v. United*

*States*, 358 F.3d 424, 427 (6th Cir. 2004) (holding that "when a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed"). Even under the most liberal reading of Petitioner's filings, he did not seek relief under § 2255 until May 2020—more than two years after his judgment became final.[2] Accordingly, his § 2255 motion is not timely under 28 U.S.C. § 2255(f)(1).[3]

Additionally, nothing in the record supports equitable tolling of the one-year statute of limitations applicable to Petitioner's § 2255 motion. While the one-year statute of limitations applicable to § 2255 motions is subject to equitable tolling, *Solomon v. United States*, 467 F.3d 928, 933, 935 (6th Cir. 2006), tolling is applied sparingly, *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005). To be entitled to equitable tolling, a habeas petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

---

[2] Additionally, Petitioner's reference to the Supreme Court's decision in *Davis* does not make his motion timely under 28 U.S.C. § 2255(f)(3). In *Davis*, the Supreme Court held that the residual clause set forth in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. 139 S. Ct. at 2336. Even though *Davis* announced a new rule made retroactively applicable to cases on collateral review, *In re Franklin*, 950 F.3d 909, 911 (6th Cir. 2020), none of Petitioner's arguments regarding whether he was properly classified as a career offender under the United States Sentencing Guidelines implicate *Davis*. Accordingly, Petitioner's motion is not timely under 28 U.S.C. § 2255(f)(3). *See Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019) ("A new case matters only, if at all, because of the *new legal arguments* it makes available." (emphasis in original)).

[3] Petitioner does not assert that his motion is timely under § 2255(f)(2) or (4). Additionally, Petitioner does not provide any facts suggesting that he filed his motion within one year of the removal of an impediment created by Government action in violation of the Constitution or laws of the United States or that he made his motion within one year of discovering new facts that support his motion.

In this case, Petitioner has not provided facts demonstrating that some extraordinary circumstance prevented his timely filing the present motion or that he has been diligently pursuing his rights. Petitioner asserts that he believed he had a direct appeal pending, but does not allege any facts suggesting that he diligently pursued his rights with respect to that appeal or with respect to his § 2255 motion after learning that his counsel did not file a notice of appeal. Petitioner's belief that an appeal was pending does not explain his inaction for two years after the Court entered its judgment. Accordingly, Petitioner is not entitled to equitable tolling, and his § 2255 motion will be dismissed as untimely.

## B. Waiver

Even if his § 2255 motion were timely, Petitioner has waived all his § 2255 arguments, except for his arguments regarding ineffective assistance of counsel. The Sixth Circuit "has consistently held that plea-agreement waivers of § 2255 rights are generally enforceable" and that "a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement." *Cox v. United States*, 695 F. App'x 851, 853 (6th Cir. 2017) (internal citations and quotation marks omitted). "To be valid, a waiver simply must have been entered into knowing and voluntarily." *Id*. (citing *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001)).

In this case, Petitioner's plea agreement states that he "knowingly and voluntarily waives the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack [his] conviction(s) and/or resulting sentence," but that he "retains the right to raise, by way of collateral review under § 2255, claims of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant by the time of the entry of judgment." (Doc. 14, at 5 in Case No. 1:17-cr-104.) Petitioner's § 2255 motion does not allege any facts suggesting that his

6
Case 1:20-cv-00184-TRM   Document 7   Filed 08/21/20   Page 6 of 10   PageID #: 35

waiver was not knowingly and voluntarily made. Accordingly, Petitioner has waived any argument that he was improperly classified as a career offender under the United States Sentencing Guidelines and any argument challenging the validity of his state-court arson conviction.

### C. Merits of Petitioner's Ineffective-Assistance-of-Counsel Claims

In his motion, Petitioner argues his counsel was ineffective because his prior arson conviction did not qualify as a crime of violence and his counsel failed to object to his career-offender designation. (Doc. 1, at 6–9 in Case No. 1:20-cv-184). Petitioner also argues that his counsel was ineffective because he failed to file a notice of appeal after he instructed him to do so. (*Id*. at 10–11).

To collaterally attack his conviction based on ineffective assistance of counsel, Petitioner must establish "that [his] lawyers performed well below the norm of competence in the profession and that this failing prejudiced [his] case." *Caudill v. Conover*, 881 F.3d 454, 460 (6th Cir. 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The performance inquiry requires the defendant to "show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The prejudice inquiry requires the defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Therefore, the Court should resist "the temptation to rely on hindsight . . . in the context of ineffective assistance claims." *Carson v. United States*, 3 F. App'x 321, 324 (6th Cir. 2001); *see also Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting

effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.").

To the extent Petitioner argues his counsel was ineffective for failing to object to his career-offender designation, that argument fails on the merits.[4] United States Sentencing Guideline § 4B1.1 provides that a person is a career offender if: "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." Section 4B1.2 states:

> (a) The term "crime of violence" means any offense under federal of state law, punishable by imprisonment for a term exceeding one year that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

In this case, Petitioner appears to argue that his Tennessee state-court conviction for arson does not qualify as a crime of violence under § 4B1.2, and, as a result, his counsel rendered ineffective assistance by failing to object to his career-offender classification. (*See* Doc. 1, at 6–9 in Case No. 1:17-cv-104.) But, arson is an enumerated offense that qualifies as a crime of violence under § 4B1.2(a)(2), and, the Sixth Circuit has held that "Tennessee arson comports with generic arson on both the act and *mens rea* elements" for the purposes of determining

---

[4] To the extent Petitioner seeks to directly challenge his career-offender classification, that argument is not a cognizable claim on collateral review. *See Bullard v. United States*, 937 F.3d 654, 657 (6th Cir. 2019) (holding that a petitioner "cannot challenge his classification as a career offender under the Guidelines . . . on collateral review").

whether arson qualifies as a violent felony as that term is defined under the Armed Career Criminal Act. *United States v. Buie*, 960 F.3d 767, 773 (6th Cir. 2020) (holding that a conviction under Tennessee's arson statute qualifies as a violent felony under the Armed Career Criminal Act). Although the definition of "crime of violence" under the United States Sentencing Guidelines is not identical to the definition of "violent felony" under the Armed Career Criminal Act, the Sixth Circuit has "treat[ed] a holding that a crime is categorically a violent felony under the ACCA as controlling as to whether that same crime is a crime of violence under § 4B1.1." *United States v. Hibbit*, 514 F. App'x 594, 597 (6th Cir. 2013). Accordingly, the Court properly classified Petitioner as a career offender, and his counsel was not ineffective for failing to object to his career-offender classification at sentencing.

Finally, Petitioner's argument that his counsel was ineffective for failing to file a notice of appeal despite his instructions to do so would typically require the Court to conduct an evidentiary hearing. *See Pola v. United States*, 778 F.3d 525, 533–36 (6th Cir. 2015) (vacating a district court's denial of a § 2255 motion and remanding for an evidentiary hearing based on allegations that counsel was ineffective for failing to follow a petitioner's instructions to file a notice of appeal). As explained above, however, Petitioner's § 2255 motion is not timely. Accordingly, the Court will not conduct an evidentiary hearing to determine whether Petitioner's counsel rendered ineffective assistance in failing to file a notice of appeal.

## IV. CONCLUSION

For the reasons stated herein, Petitioner's motions to set aside, vacate, or correct his sentence filed pursuant to 28 U.S.C. § 2255 (Docs. 34, 36 in Case No. 1:17-cr- 104; Doc. 1 in Case No. 1:20-cv-184) are **DENIED**. Should Petitioner give timely notice of an appeal from this order, such notice will be treated as an application for a certificate of appealability, which is

hereby **DENIED** since he has failed to make a substantial showing of the denial of a constitutional right or "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court [is] correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

    **SO ORDERED.**

                                /s/ *Travis R. McDonough*
                                **TRAVIS R. MCDONOUGH**
                                **UNITED STATES DISTRICT JUDGE**